19818. SETZER *v.* LATIMER *et al.*

*A. J. Henderson,* for plaintiff in error.   *T. E. Latimer,* contra.

LUKE, J.   W. D. Latimer and P. B. Latimer Jr. filed suit on a note against J. F. Duncan as principal and W. T. Setzer as indorser.   Duncan filed no answer, but Setzer filed an answer denying liability upon the indorsement, because of an alleged agreement between himself and the plaintiffs, made at the time that the plaintiffs took the note, to the effect that Setzer was not to be bound by his indorsement on the note, but that the indorsement of Setzer, which was already on the note, for stated reasons, prior to its transfer to the plaintiffs, was allowed to remain on the note merely for the purpose of passing title, it being payable to W. T. Setzer or order.   The trial resulted in a verdict which the court construed to be in favor of the plaintiff.   The defendant Setzer made a motion for a new trial, which was overruled, and the movant excepted.

The verdict consists of a question propounded by the judge in his charge and the answer thereto by the jury, and the record embodies the question and answer as follows: "Verdict of the jury and question propounded by the court.   Was there an agreement and understanding between W. T. Setzer and the plaintiff W. D. Latimer that the indorsement of W. T. Setzer was not to continue of force and bound W. T. Setzer for the payment of the note? Answer yes or no.   No. Arthur Lathem, Foreman."   The trial judge construed this as a verdict for the plaintiff, and rendered judgment accordingly; but all twelve of the jurors in the case signed an affidavit that "by unanimous vote of each of them they found a verdict for the defendant. . . And each of the affiants herein named when concurring in the verdict returned into court meant by their finding that there was no liability against the said W. T. Setzer by reason of said indorsement by reason of the agreement made by the defendant and plaintiff that the defendant Setzer would not be bound by the indorsement."   This affidavit of *all* the jurors was offered as evidence on the hearing of the motion for a new trial, but was rejected by the court, and error is assigned thereon.

We are not unmindful of the principle of law that jurors can not impeach their verdict; but when we consider the ambiguous question of the court which necessarily constituted a part of the verdict, the affidavit of *all* the jurors that they unanimously "found a verdict for the defendant Setzer," and the evidence adduced upon the trial, which amply supported a verdict for the defendant Setzer, we are constrained to hold that the affidavit of the jurors did not "impeach" their verdict, but simply "declared" and "explained" what their verdict was. A verdict is the decision of a jury. It should express their finding. If it does not express their finding, or if the trial judge misconstrues their finding, the error should be corrected. In *Groves* v. *State,* 162 *Ga.* 162 (132 S. E. 770), the Supreme Court said: "It would appear that a verdict delivered into court by a jury, which does not comport with the findings of that jury, is not a true saying. It would not speak the truth as the jury found it. The jury's oath is to give a 'true verdict.' A verdict declaring contrary to the findings of the jury is not a true verdict. To hold otherwise would be to treat a solemn legal investigation as a game where victory may be won by inadvertence and methods that are worse." And what is a surer way of ascertaining the true finding of a jury (where the meaning of the verdict is doubtful as in the instant case) than procuring a sworn statement from *all* the jurors as to what they intended by such verdict. "The general rule that the statements of jurors will not be received to establish their own misconduct or to impeach their verdict does not prevent the reception of their evidence as to what really was the verdict agreed on, in order to prove that, through mistake or otherwise, it has not been correctly expressed, as the agreement reached by the jury, and not the written paper filed, is the verdict, and a showing that the writing is incorrect is not an impeachment of the verdict itself. Under this exception to the general rule the testimony of jurors is admissible to prove a mistake by the clerk in entering the verdict, or by the court in directing its entry. On similar principles, where the foreman delivers the verdict erroneously it may be set aside on the affidavits of the jurors; likewise where the jury, by mistaking the meaning of the legal terms employed, return a verdict for the wrong party." 27 R. C. L. 900, § 74. "Affidavits of jurors are admissible to show that the verdict as received and entered of record, by reason of a mistake does not

embody the true finding of the jury, or to correct an erroneous statement of the verdict to the court or entry by its clerk; and affidavits of jurors are admissible when made in support of or to *explain* a verdict." 38 Cyc. 1903.

The question propounded by the court, with which the answer of the jury is necessarily construed, is ambiguous and the jury could not consistently answer yes or no thereto as they were instructed to do. The court apparently construed the verdict as follows, eliminating that portion in parenthesis: "Was there an agreement and understanding between W. T. Setzer and the plaintiff W. D. Latimer that the indorsement of W. T. Setzer was not to continue of force (and bound W. T. Setzer for the payment of the note)? No." The jury apparently construed the verdict as follows, eliminating that portion in parenthesis: "Was there an agreement and understanding between W. T. Setzer and the plaintiff W. D. Latimer that the indorsement of W. T. Setzer (was not to continue of force and) bound W. T. Setzer for the payment of the note? No." Under the pleadings and the evidence they could not consistently answer, yes or no, that the indorsement was not of force and yet it bound Setzer for the payment of the note. The plaintiff contended that the indorsement was of force. The defendant contended that the indorsement was put on the note for the purpose of using it as collateral in another transaction, two or three years before the note was transferred to the plaintiff, and that the plaintiff took the note with the distinct understanding that the indorsement was not binding on the defendant but was left there to transfer title only. Though the question propounded by the court could not, as we construe it, be given a consistent answer, yet, if we were called upon to give the most reasonable construction of the verdict, we would construe it as did the jurors, as shown by their affidavit; because the controlling issue in the case, and apparently the predominant idea in the minds of the jury, was whether Setzer was bound for the payment of the note; and the jury answered "No."

The question and the answer constituting the verdict were inaptly expressed and incorrectly construed; and the court erred in rejecting the affidavit of the jurors and in overruling the motion for a new trial.

While we entertain no doubt of the justness and correctness of the judgment herein rendered by this court, we do not wish to relax

the general rule that jurors can not impeach their own verdict, and therefore deem it not amiss to say that the judgment here rendered is based on the particular facts of this case, taking into consideration the irregularity in the form of the verdict, the ambiguity of the question and the answer which constituted the verdict, the pleadings in the case, the affidavit of *all* the jurors who tried the case, and the evidence, which amply supports the finding which they all swear they made.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*