26792. STEPHENS *v*. WILSON.

DECIDED MAY 21, 1938.

*J. D. Kirkland, D. C. Jones,* for plaintiff in error.
*Fred T. Lanier,* contra.

SUTTON, J.  1.  A contract may be rescinded by mutual consent of the parties. *Central of Ga. Ry. Co.* v. *Gortalowsky,* 123 *Ga.* 366 (5) (51 S. E. 469).

2.  "Generally the contract of an infant is voidable except for necessaries.  In order to charge an infant for necessaries, the party furnishing them must prove that the parent or guardian fails or refuses to supply sufficient necessaries for the infant.  If, however, the infant receives property, or other valuable consideration, and after arrival at the age of majority retains possession of such property or enjoys the benefits of such valuable consideration, such a ratification of the contract shall bind him." Code, § 20-201.

3.  "'The plaintiff in an action to recover personal property may elect whether to accept an alternative verdict for the property or its value, or whether to demand a verdict for the damages alone, or for the property alone and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect.' While this section (107-105) does not of itself provide that more than the value of the property can be obtained as damages, it is the rule in this State, that, where a money verdict is sought by the plaintiff in a trover action for the value of the property at the time of the conversion with interest, the jury may return a verdict which shall also include interest on the value of the property from the date of the conversion to the date of the trial, not in a separate and stated amount *as interest,* but as part of the damages, and to be so included in a lump sum. Interest is not recoverable eo nomine in such a case, but as *additional damages,* a trover suit being essentially an action ex delicto. The allowance of such additional damages, the equivalent of in-

terest, is predicated on the ground that the plaintiff, having been unlawfully deprived of his property, is entitled to be fully compensated for the wrong inflicted on him, and the calculation on a basis of interest at seven per cent. is deemed a proper measure for the additional damages; but in returning a verdict the jury should find, not separate amounts, principal and interest, but a total or lump sum which represents the two intermediate findings, and a verdict which is not so rendered is illegal and can not stand when properly excepted to." *Beaver* v. *Magid,* 56 *Ga. App*. 272 (192 S. E. 497).

4. In the present case, where a bail-trover action was brought by the plaintiff for recovery of two mules, the evidence, although conflicting, was sufficient to authorize the jury to find that there had been a mutual rescission of a previous sale of the mules to the father of the defendant; that thereupon the mules were sold and delivered to the defendant and his brother under a title-retention note contract; that although the defendant was a minor at the time he made the contract, he retained possession of the mules for several years after attaining his majority; that no part of the purchase-price was paid; and that on demand by the plaintiff, after default, the defendant refused to surrender possession of the mules and thereby converted the same. The plaintiff elected to take a money verdict for the value of the mules at the time of the conversion, with interest. The only evidence as to the value of the mules was that they were worth $300. From facts proved the jury may infer the existence of other facts reasonably and logically consequent on those proved; and consequently the jury in the present case was authorized to find from the evidence that the value of the mules at the time of the conversion was at least $147.50, as shown in their verdict. The defendant against whom a verdict has been rendered can not complain that the verdict is for a less sum than that which the plaintiff was entitled to recover. *Lokey* v. *Malcom,* 53 *Ga. App.* 434 (186 S. E. 448). The verdict, however, being for principal and interest in two separate stated amounts, instead of a lump sum representing the two, is illegal in so far as the interest is concerned, and can not stand as written. The judgment is affirmed, with direction that within ten days after the remittitur from this court is made the judgment of the trial court the plaintiff write off the entire amount of in-

26

terest from the verdict and judgment; otherwise the judgment shall stand reversed.

*Judgment affirmed, with direction. Felton, J., concurs. Stephens, P. J., concurs, except as to writing off interest, from which ruling he dissents.*

STEPHENS, P. J., specially concurring, and dissenting in part. I do not concur in the proposition that the verdict is illegal in so far as it finds interest eo nomine. I am of the opinion that the verdict, notwithstanding it is one finding for the principal and interest in separate stated amounts, is a legal verdict, and should be allowed to stand. I am of the opinion that the judgment should be unconditionally affirmed. I do not concur in the judgment wherein it directs that the plaintiff write off the amount of interest, and upon his failure to do so that the judgment be reversed. See the opinion written by me in *Beaver* v. *Magid,* supra, and the cases therein cited and relied on.