40987, 40988. MION CHEMICAL BRICK CORPORATION v. DANIEL CONSTRUCTION COMPANY, INC.; and vice versa.

PANNELL, Judge. ■ Where a prime contractor, without claiming that the work is covered by the subcontract, orally orders extra work, as such, with notice that the subcontractor regards the work as extra and expects additional compensation therefor, the subcontractor can recover for the work notwithstanding a stipulation of the subcontract requiring a written order therefor. *State Hwy. Dept. v. Wright Contracting Co.*, 107 Ga. App. 758, 764 (131 SE2d 808); see, generally, Anno. in 66 ALR 649; *Bailey v. Martin*, 101 Ga. App. 63 (112 SE2d 807); cp. *Heard v. Dooly County*, 101 Ga. 619 (2) (28 SE 986). Upon application of the above ruling to the pleadings and evidence in the instant case, the trial court erred in directing a verdict in favor of the defendant prime contractor. The evidence was sufficient to authorize a finding that at least some, if not all, of the extra work in performing the subcontract was occasioned by faulty work of the prime contractor, that this condition and the necessity for extra work and expectation of remuneration therefor was conveyed to the authorized representative of the prime contractor, and that such representative authorized the extra work.

■ The allegations of the petition in the instant case were sufficient to set forth a cause of action under the ruling in Division 1 above, and the trial court did not err in overruling the general demurrers thereto.

■ Where, prior to or contemporaneously with the execution of a written contract between a prime contractor and a subcontractor, the prime contractor represents that the area where the subcontractor will have to work will be dried in or roofed

over before the subcontractor will be called upon to begin work, and the written contract recites that, "The subcontractor agrees to begin work as soon as he is notified by the contractor that the ground is clear or the structure (or structures) far enough advanced to allow the beginning of that portion included herein, and will carry forward and complete his work as rapidly as the contractor may judge that the progress of the structure (or structures) will permit," and it is not alleged that said prior or contemporaneous oral agreement was the inducement or consideration, in whole or in part, for entering into the written contract, damages for the alleged breach of such oral agreement cannot be recovered, and such allegations in the instant case should have been stricken on the demurrers thereto, and the failure of the trial judge to do so was error. *Code* § 38-501; *Indiana Truck Corp. v. Glock,* 46 Ga. App. 519 (1) (168 SE 124); *Neuhoff v. Swift & Co.,* 54 Ga. App. 651 (2) (188 SE 831). While the rejection of evidence on the trial of the case in proof of these allegations after the trial judge had overruled the demurrers thereto may have been error, such error is harmless in view of our reversal of the ruling on the demurrer. In view of our ruling here adverse to one of the alleged causes of action, the same may be said of the error of the trial judge in overruling the demurrer to the petition which was on the ground that the petition sought recovery on two causes of action in one count.

■ Where the contract, out of the performance of which the cause of action in the present case arose, but the enforcement of which or the breach thereof does not constitute the cause of action, is not attached in its entirety to the petition, this does not contravene *Code* § 81-105 requiring that contracts constituting the cause of action be attached to the petition, and where those portions of the contract, pertinent to special demurrers interposed calling for more particulars, are attached, it is not error to overrule such demurrers.

■ The main bill of exceptions assigns error on the overruling of a motion for new trial complaining of the direction of the verdict for the defendant and the rejection and admission of evidence. The cross bill of exceptions assigns error on the overruling of general and special demurrers to the petition. For the reasons above given the rulings of the trial judge must be reversed on both the main bill and the cross bill of exceptions. Any rulings of the trial judge assigned as error

and not here specifically dealt with are either expressly or impliedly abandoned, or clearly without merit.

*Judgments reversed. Frankum, J., concurs. Felton, C. J., concurs in the judgment.*

DECIDED FEBRUARY 24, 1965—REHEARING DENIED
MARCH 18, 1965.

*Clifford Oxford, Eugene S. Taylor,* for plaintiff in error.

*Gambrell, Harlan, Russell & Moye, E. Smythe Gambrell, Edward W. Killorin, John K. Train, III,* contra.