41933. KING v. ADAMS.

FRANKUM, Judge. 1. In her enumerations of error the appellant contends that the following charge of the court was error and cause for a new trial: "Now, Gentlemen, if you believe that the plaintiff's son suffered injury, as alleged, and that the negligence of the defendant was the proximate cause thereof, as alleged, and that the plaintiff's son could not have prevented the same by the exercise of ordinary care on his part, the plaintiff would be entitled to recover on account of the damage sustained. On the other hand, if you believe that the plaintiff's son suffered injury, as alleged, but that same was due not to the negligence of the defendant but of the plaintiff's son himself or if due to the negligence of the defendant the same could have been prevented by the exercise of ordinary care by plaintiff's son for his own safety, the plaintiff would not be entitled to recover." Par. (a) of Sec. 17 of the 1965 Appellate Practice Act (Ga. L. 1965, pp. 18, 31; *Code Ann.* § 70-207), provides that, with the exceptions set forth in par. (c) of that section of the Act, no party may complain of the giving of an instruction to the jury unless he objects thereto before the jury returns a verdict. Par. (c) thereof provides that "notwithstanding any other provision of this section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." The charge contended to be error here, if error at all, was not such a substantial error or harmful as a matter of law so as to bring it within the exception to the requirement that a party

wishing to complain of an instruction must object thereto before the jury returns its verdict. The contention of the appellant here is that the first clause of this instruction submitted to the jury the issue of whether or not the plaintiff's son had suffered an injury as a result of the collision in question, when this fact was admitted by the defendant. The charge was clearly not subject to the interpretation sought to be placed upon it by counsel for the appellant and could not, under the facts appearing from this case, have possibly misled the jury as to the issues in the case.

2. Questions of negligence, of contributory negligence, of cause, and of proximate cause, and of whose negligence and of what negligence constitutes the proximate cause of an injury are, except in plain, palpable and indisputable cases, solely for the jury. *Long Constr. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726), and citations. Under the foregoing well recognized principle of law, where the jury has made a finding in favor of one of the parties on conflicting evidence, such finding will not be disturbed by the appellate courts if there is any evidence to authorize it. In this case the evidence was in sharp conflict, but the testimony of witnesses for the defendant was clearly sufficient to authorize the jury to find that the plaintiff's son was guilty of negligence, and that his negligence preponderated as the proximate cause of his injuries and death. Conceding that the evidence also demanded a finding that the defendant was negligent and that his negligence was a contributing proximate cause of the injuries and death of the plaintiff's son, the jury, upon application of the comparative negligence rule, was authorized to find that the negligence of the plaintiff's son was equal to or greater than the negligence of the defendant, and, therefore, to find for the defendant, and the trial court did not err in overruling the plaintiff's motion for a new trial based only on the general grounds.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED APRIL 6, 1966—DECIDED MAY 10, 1966—
REHEARING DENIED MAY 24, 1966—

*Gilbert, Patton & Carter, Horace E. Campbell, Jr., Coffin & Brinkley, Jack W. Brinkley,* for appellant.

George R. Jacobs, Kelly, Champion & Henson, John W. Denney, for appellee.