41973. STRONG v. PALMOUR.

ARGUED MAY 4, 1966—DECIDED MAY 26, 1966.

*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, George W. Hart,* for appellant.

*Sam D. Hewlett, Cullen M. Ward, Walter P. McCurdy,* for appellee.

EBERHARDT, Judge. ■ The first two enumerations of error are as to the charge of *Code Ann.* § 68-1650(a) and the third is as to the charge of § 39 of the DeKalb ordinance, which is the same, in substance, as the Code section.

These enumerations are meritorious. It is conceded that Tilson Road is a through street and that as plaintiff approached the intersection she was faced with a stop sign at the intersection.

It is provided in *Code Ann.* § 68-1650(d) that "The right of way rules declared in subdivisions (a) and (b) are modified at through highways and otherwise as hereinafter stated in Sections 68-1651 through 68-1653." The modifying provision of § 68-1652(a) is that "The driver of a vehicle shall stop as required by this law [Chapters 68-15 through 68-17; §§ 68-9926, 68-9927] at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate

hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right of way to the vehicle so proceeding into or across the through highway."

It is provided by *Code Ann.* § 68-1665 that the State Highway Board and local authorities may designate through highways and erect stop signs at specified entrances or may designate any intersection as a stop intersection and erect like signs at one or more entrances to the intersection, and that every driver of a vehicle shall stop at the sign before entering the intersection. The stop in observance of the sign is mandatory. *Richardson v. Coker,* 78 Ga. App. 209 (50 SE2d 781).

The charging of *Code Ann.* § 68-1650(a) and the DeKalb ordinance was unfavorable and prejudicial to the defendant because under these his vehicle could not have the right of way, even on the through street, unless he had first entered the intersection, whereas under *Code Ann.* § 68-1652(a), and under § 41 of the DeKalb ordinances, which is the same in substance, his vehicle would have the right of way on the through street from the time his approach to the intersection constituted an immediate hazard, which, according to the speed, might be a considerable distance.

As we view it, *Code Ann.* § 68-1650(a) and (b) have no application at intersections where stop signs have been erected, sometimes referred to as controlled intersections. Indeed, this is declared by *Code Ann.* § 68-1650(d). Consequently, it is error to charge this section in a situation like that with which we now deal. The appropriate charge would have been § 68-1652, which is applicable to controlled intersections.

We are supported in this conclusion by Petty v. Porter, 322 F2d 311, where *Code Ann.* § 68-1650 was held inapplicable to intersections controlled by a stop sign, particularly because of the provision in *Code Ann.* § 68-1650(d), and that this subsection specifically makes *Code Ann.* § 68-1652 applicable instead. Moreover, in *Gardner v. Sikes,* 110 Ga. App. 650 (3) (139 SE2d 401) it was held, conversely, to be error to charge *Code Ann.* § 68-1652(b) when it did not appear that the intersection was controlled by a stop sign. And see *Wallace v. Willis,* 111 Ga.

App. 576, 578 (2) (142 SE2d 383). Reliance by appellee on *Tyson v. Shoemaker*, 83 Ga. App. 33 (62 SE2d 586) is unwarranted, since that case was reversed in *Tyson v. Shoemaker*, 208 Ga. 28 (65 SE2d 163).

A different conclusion is not required by *Teague v. Keith*, 214 Ga. 853 (2) (108 SE2d 489) where, dealing with rulings on demurrer, the court observed that the matter of whether there were markers or signs controlling traffic at the intersection was immaterial in view of the allegation that plaintiff's vehicle had stopped at the intersection before entering it and the defendant was not charged with violating any signs or markers. It does not appear that the court was dealing with the matter of whether *Code Ann.* § 68-1650(a) would be an appropriate charge relative to a controlled intersection.

For the same reasons it was error to charge § 39 of the DeKalb ordinance.

True enough, the court did charge the provisions of *Code Ann.* § 68-1652 as well as those of *Code Ann.* § 68-1650, but there was no instruction to the jury as to which of these sections they should apply, or as to which they should disregard. "A charge containing two distinct propositions directly conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they can not render an intelligent verdict." *Morris v. Warlick*, 118 Ga. 421 (2) (45 SE 407); *Bryant v. State*, 191 Ga. 686, 719 (13) (13 SE2d 820). The charge was error.

■ The fourth enumeration of error asserts that the court erred in charging on the specifications of negligence in plaintiff's petition relating to the DeKalb ordinance. The record does not indicate that any exception as to that portion of the charge was made as provided in *Code Ann.* § 70-207, and this enumeration presents nothing for review.

■ In the fifth enumeration of error it is urged that the court erred in admitting, over timely objection that it was inapplicable, a certified copy of the DeKalb ordinance. For the same reasons that it was error to give the ordinance in charge, it was error to admit it into evidence over the objection.

■ The denial of the request to charge on the matter of sym-

pathy was not error, for nothing in the record indicates any necessity for that cautionary instruction.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*