## 42118. VOGT v. RICE.

PANNELL, Judge. 1. Pretermitting the question of whether the objection to the charges made was sufficiently definite under the provisions of Sec. 6 of the Act of 1966 (Ga. L. 1966, pp. 493, 498; *Code Ann.* § 70-207), the grounds of objection are based entirely on the alleged lack of evidence in the particulars therein set forth. Under the evidence the jury was authorized to find that the plaintiff, by reason of intoxication, went to sleep on the back seat of the defendant's automobile with knowledge that the defendant was under the influence of alcoholic beverages and that the defendant would subsequently

drive the automobile, and the jury was further authorized to find that the subsequent wreck of the automobile was caused by excessive speed brought on by the drinking of the defendant driver. Under these circumstances the jury was authorized to find that the plaintiff assumed the risk and was guilty of such lack of ordinary care for his own protection and safety as to preclude a recovery on his part even though he was asleep during the entire ride preceding the wreck in which he was injured. See in this connection, *Sparks v. Porcher*, 109 Ga. App. 334 (136 SE2d 153), and cases cited and discussed therein. There was no error in the charges complained of in enumerations of error numbers 3, 4 and 5 because of the grounds stated to the trial judge.

2. Paragraph (a) of Section 17 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 31), as amended by Section 6 of the Act of 1966 (Ga. L. 1966, pp. 493, 498; *Code Ann.* § 70-207), reads: "Except as otherwise provided in this section; in all cases, no party may complain of *the giving* or *the failure to give* an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury, and objections need not be made with the particularity of assignments of error (abolished by this Act) and need only be as reasonably definite as the circumstances will permit." The record in the present case does not disclose that appellant made any objections pursuant to the requirements of the above section as to the charges complained of in enumerations of error numbers 1, 2 and 6, or the failure to charge as requested complained of in enumerations of error numbers 7 and 8. The requirements of Par. (c) of Sec. 17 not having been met, these alleged errors, therefore, present no question for review. See *Strong v. Palmour*, 113 Ga. App. 750 (149 SE2d 745); *King v. Adams*, 113 Ga. App. 708 (149 SE2d 548).

3. The evidence was amply sufficient to authorize the verdict for the defendant, and there being no reversible error shown, the judgment in accordance with the verdict must be affirmed.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

Argued July 5, 1966—Decided September 6, 1966.

*L. B. Kent,* for appellant.

*Kelly, Champion & Henson, J. Norman Pease,* for appellee.