42299. STATE HIGHWAY DEPARTMENT v. HILLIARD et al.

SUBMITTED SEPTEMBER 13, 1966—DECIDED SEPTEMBER 22, 1966.

*Arthur K. Bolton*, Attorney General, *Richard L. Chambers*, Assistant Attorney General, *Robert L. Royal*, Deputy Assistant Attorney General, *William A. Zorn*, for appellant.

*W. Glenn Thomas, Jr., Albert E. Butler*, for appellees.

NICHOLS, Presiding Judge. ■ The original order wherein the rule nisi was issued for the appellees to show cause why the appellant's motion for new trial should not be granted was, in the case sub judice, sufficient to act as an order of continuance until the date when the final hearing on such motion was held.

■ Where a judge emeritus of the superior court presides over the trial of a case he should, under the Act of 1962 (Ga. L. 1962, pp. 547, 549; *Code Ann.* § 24-2623a), determine any motion for new trial filed in such case, but where he is unable to perform such act "because of death or otherwise" the presiding judge of such court is authorized to hear and determine such motion, and where the hearing on such a motion for new trial is held and ruled upon by the presiding judge of the superior court, all parties being represented, and no objection is made as to the authority of the presiding judge, it will be presumed that the judge emeritus was unable to perform such act and that the presiding judge was authorized to hear and determine such motion.

■ Under § 2 (a) of the Appellate Practice Act of 1965 as amended (Ga. L. 1966, pp. 493, 494), it is not necessary that the appellant enumerate as error the judgment overruling the motion for new trial in order to confer jurisdiction of the appeal upon this court. Accordingly, the appellees' motion to dismiss must be overruled.

■ In its first enumeration of error the appellant complains that the trial court erred in permitting a witness for the condemnee to testify as to what he was paid for property near that being condemned when he sold it to the condemnor for use as a part of the same project as that being condemned. Under the decision of the Supreme Court in *Georgia Power Co. v. Brooks*, 207 Ga. 406 (62 SE2d 183), it was error to admit such evidence and for such reason a new trial must be granted.

■ On the trial of the case Lola Bell Hilliard, one of the condemnees, was permitted to testify over objection that sometime before the condemnation proceedings were instituted they had been offered a certain price for the property but refused it because it was their home. Under the decision in *Jones v. Smith,* 206 Ga. 162 (6) (56 SE2d 462), and the cases there cited, such evidence was inadmissible. See also *Bowers v. Fulton County,* 221 Ga. 731 (7) (146 SE2d 884).

■ Under the decision in *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393), the objection made at the conclusion of the charge was not sufficient to present any question for decision as to the correctness of the charge.

*Judgment reversed. Hall and Deen, JJ., concur.*