## 42206. WESTMORELAND v. THE STATE.

DEEN, Judge. 1. Permission freely and voluntarily given by a suspect to police officers to search property of which he is the owner waives the necessity of a warrant. *Ferguson v. State,* 218 Ga. 173 (8) (126 SE2d 798); *Young v. State,* 113 Ga. App. 497 (148 SE2d 461). The defendant testified in his own behalf in this case that when enforcement officials came on the premises in which he had a store and trailer in which he lived the following conversation ensued: "They had a little old piece of paper there and said, 'We would like to search', and I said, 'What for?' and they said, 'Anything we can find.' I told them to go ahead, I hadn't broke no law, and they went in." Indubitably, the enumerations of error complaining that the State did not prove the issuance of a valid search warrant are without merit, as this constituted a waiver of the defendant's rights to insist upon such a warrant prior to the search.

2. The third complaint is that two cases of beer were admitted in evidence on the trial of the case. The only objection to the introduction of this physical evidence was on the ground that it had not been identified. Since there was in fact positive identification, the objection was without merit.

3. Complaint that the court failed to charge a certain provision of law is without merit where no objection was made to the trial judge as to the charge as given and his attention was not called to the alleged omission. *Code Ann.* § 70-207.

*Judgment affirmed.   Nichols, P. J., and Hall, J., concur.*
Submitted September 12, 1966—Decided September 29, 1966.

*Maylon K. London, Irwin R. Kimzey,* for appellant.
*Jeff C. Wayne, Solicitor General, C. Frank Strickland, Jr.,* for appellee.