42106. SAINT v. RYAN, by Next Friend.

PANNELL, Judge. 1. Where evidence of the same nature as that objected to is admitted without objection, the admission of the evidence objected to, if error, is harmless. *Southern R. Co. v. Garner,* 101 Ga. App. 371, 372 (114 SE2d 211). It follows, therefore, that where the appellant here testified without objection on cross examination as to the same matters elsewhere testified to by him and other witnesses over objections, the admission of such evidence, if error, was harmless and enumerations of error numbers 1, 2 and 3 are without merit.

2. Paragraph (a) of Section 17 of the Appellate Practice Act of 1965 as amended by Section 6 of the Act of 1966 (Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498; *Code Ann.* § 70-207), reads: "Except as otherwise provided in this section; in all cases, no party may complain of *the giving* or *the failure to give* an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury, and objections need not be made with the particularity of assignments of error (abolished by this Act) and need only be as reasonably definite as the circumstances will permit." The record in the present case does not disclose that appellant made any objection pursuant to the requirements of the above section as to the charges complained of in enumerations of error numbers 7 and 8. The requirements of Par. (c) of Sec. 17 not having been met, these alleged errors, therefore, present no question for review. See *Strong v. Palmour,* 113 Ga. App. 750 (149 SE2d 745); *King v. Adams,* 113 Ga. App. 708 (149 SE2d 548); *Vogt v. Rice,* 114 Ga. App. 251 (150 SE2d 691).

3. The jury verdict was as follows: "We, the jury, find in favor of the plaintiff in the amount of $3,000." The verdict was dated and signed by the foreman. The jury had been instructed to reduce any amount of damages, if they found for the plaintiff, by the sum of $2,000 because of a payment made to plaintiff as the result of a covenant not to sue the joint tortfeasor originally sued with the appellant but subsequently stricken as a party defendant. A motion for new trial on the general grounds only was filed December 21,

1965. A motion to set aside the verdict and judgment was filed on April 14, 1966, which motion was accompanied by affidavits of all twelve jurors to the affect that they intended to render a verdict for $1,000 and that they thought the verdict as rendered would have that effect. While "[a] verdict may be amended in mere matter of form after the jury have dispersed; but after it has been received and recorded, and the jury dispersed, it may not be amended in matter of substance, either by what the jurors say they intended to find or otherwise." *Code* § 110-111. "The affidavits of jurors may be taken to sustain but not to impeach their verdict." *Code* § 110-109. The instruction to the jury as to deducting the $2,000 was clear and unambiguous. The verdict is clear and unambiguous and is not subject to explanation by the jurors. The cases of *Setzer v. Latimer*, 40 Ga. App. 247 (149 SE 281) and *Groves v. State*, 162 Ga. 161 (132 SE 769) do not require a different ruling. It follows, therefore, that enumerations of error numbers 5, 6, and 9 are without merit.

4. The evidence, though somewhat weak, was nevertheless sufficient to authorize the verdict rendered, and the enumeration of error number 4 complaining of the insufficiency of the evidence is without merit.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

ARGUED JUNE 7, 1966—DECIDED OCTOBER 6, 1966—REHEARING DENIED OCTOBER 18, 1966—

*Smith & Undercofler, Henry L. Crisp,* for appellant.
*J. Frank Myers,* for appellee.

