42154, 42165. CLARK v. BELLEAU, INC.; and vice versa.

PANNELL, Judge. 1. The original petition brought by the subcontractor, Fred N. Clark, against the contractor-owner, Belleau, Inc., sought recovery for the removal of dirt under a grading contract, and for the removal of certain "muck" as an extra arising out of the performance of a contract to install a drainage system. Copies of the contracts were attached to the petition. An oral motion to strike the various allegations relating to the claim for removal of the muck was overruled and no enumeration of error was made thereon in this court. An amendment was offered to the petition merely elaborating on the claim for the removal of the muck. *This amendment was objected to and motion to disallow it made on the grounds that it converted the suit from one on contract to one on quantum meruit.* This motion was overruled by the trial judge and after the allowance of the amendment another motion was made to strike from the petition as amended all reference to the claim for removal of the muck. This motion was overruled. The only ruling enumerated as error is that refusing to disallow the amendment.

Inasmuch as the original petition sought a recovery upon an express contract and an additional recovery on quantum meruit, and the amendment merely elaborated on the quantum meruit portion of the petition, and did not convert the suit from one on contract to one based on quantum meruit, the grounds of objection to the amendment were without merit.

2. There was evidence from which the jury was authorized to find that the superintendent of the contractor-owner (defendant) agreed to pay for the removal of the muck, and that the amount sued for was a reasonable value for such work, and that the amount of muck claimed to have been removed was actually removed, and that the reason the plaintiff did not submit a bill, prior to suit, was because he was informed that the engineer had not estimated the amount of muck removed and that no payment would be made until this was done.

Under these circumstances a recovery was authorized even though the contract contained a provision by which the plaintiff subcontractor agreed "to make all claims for extras . . . to the owner within one week after the subcontractor and owner agree that there is a basis for extras. . ." *Mion Chemical Brick Corp. v. Daniel Constr. Co.,* 111 Ga. App. 369 (1) (141 SE2d 839); *State Hwy. Dept. v. Wright Contr. Co.,* 107 Ga. App. 758, 764 (131 SE2d 808, 1 ALR2d 1260); *Bailey v. Martin,* 101 Ga. App. 63 (112 SE2d 807); *Heard v. Dooly County,* 101 Ga. 619 (2) (28 SE 986). A contrary ruling is not required by *State Hwy. Dept. v. Hewitt Contr. Co.,* 113 Ga. App. 685 (149 SE2d 499).

3. Under the provisions of Par. (a) of Sec. 17 of the Appellate Practice Act of 1965 as amended by Sec. 6 of the Act of 1966 (Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498; *Code Ann.* § 70-207), "no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict . . ." and it not appearing that the exceptions relating to the charges should be considered under Par. (c) of said Sec. 17, these alleged errors present no question for review. *Strong v. Palmour,* 113 Ga. App. 750 (149 SE2d 745); *King v. Adams,* 113 Ga. App. 708 (149 SE2d 548); *Vogt v. Rice,* 114 Ga. App. 251 (150 SE2d 691). Enumeration of error No. 2 in Case No. 42165 (appeal by defendant) and enumerations of error numbers 1, 2, and 3 in Case No. 42154 (cross appeal by plaintiff), therefore, present no question for review.

4. The evidence was sufficient to authorize the verdict found in favor of the defendant on its cross action.

*Judgment affirmed on both appeals. Felton, C. J., and Frankum, J., concur.*

ARGUED JULY 5, 1966—DECIDED OCTOBER 28, 1966—
REHEARING DENIED NOVEMBER 10, 1966.

*Albert E. Mayer,* for appellant.

*Douglas Lauderdale, Jr., Benjamin B. Blackburn, III, Glenville Haldi,* for appellee.