## 42593. SAKOBIE v. THE STATE.

PANNELL, Judge. The defendant was charged with robbery by force and intimidation, and convicted of the offense of robbery by intimidation on May 27, 1966. His appeal to this court is based upon the general grounds and other grounds which will more fully appear. *Held:*

1. The evidence, though entirely circumstantial, was sufficient to support the conviction.

2. *Code* § 59-808 provides "If a juror shall be found competent and he shall not be challenged peremptorily by the State, he shall be put upon the prisoner, and, unless challenged peremptorily by him, shall be sworn to try the cause." We are of the opinion that this Code section requires that a juror, after acceptance by both the State and the defense, shall be sworn (unless for cause such as sickness, see *Cason v. State*, 134 Ga. 786 (4) (68 SE 554)) and that the State, after it discovers the defense accepts a juror, cannot then change its mind and excuse the juror. The opposite procedure is required by the statute. By it the *defendant* can strike a juror *after* discovering the State is willing to accept him. However, where it appears, as in the present case, that the State first puts the juror on the defendant, and the defendant accepts the juror by using the words "go to the room," and "immediately and almost simultaneously upon" the defendant using the words "go to the room" the solicitor general said "the State excuses the juror," the excusing of the juror by the trial judge over the objection of the defendant will not require a reversal, as the stipulation does not conclusively show that the solicitor general revoked his acceptance and excused the juror *after* ascertaining the defendant had accepted him. The trial judge was in a much better position than this court to determine the question of fact of split-second time, as indicated by the quotations from the stipulation of fact.

3. It does not appear that the alleged erroneous charge was objected to in accordance with Section 6 of the Act approved March 15, 1966 (Ga. L. 1966, pp. 493, 498) amending Sec. 17 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 31). These requirements of the statute not having been met, this alleged error, therefore, presents no question for review. See *Vogt v. Rice*, 114 Ga. App. 251 (2) (150 SE2d 691).

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

ARGUED FEBRUARY 7, 1967—DECIDED MARCH 9, 1967—
REHEARING DENIED MARCH 23, 1967.

Robbery. McIntosh Superior Court. Before Judge Durrence.

*Paul J. Varner, William R. Killian,* for appellant.

*J. Max Cheney, Solicitor General,* for appellee.