### 42825. GABRIEL et al. v. CLARY et al.

HALL, Judge. The plaintiffs in these automobile negligence cases, which were consolidated for trial, appeal from judgments favorable to the defendants.

1. The enumerations of error are governed by the provisions of Sec. 17 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 31, amended by Ga. L. 1966, pp. 493, 498; *Code Ann.* § 70-207), that "no party may complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict, stating, *distinctly* the matter to which he objects and the grounds of his objection . . . and objection . . . need only be as reasonably definite as the circumstances will permit." (Emphasis supplied). Several enumerations of error contend that the court gave erroneous instructions to the jury. The plaintiffs not only did not object to these instructions at the trial, but responded to an inquiry by the court that the part of the charge including these instructions was all right. These enumerations of error therefore present no question for review. *Clark v. Belleau, Inc.*, 114 Ga. App. 587 (151 SE2d 894).

2. The plaintiffs enumerate as error the overruling of their motions for new trial which included grounds based on the court's failure to give the jury requested instructions. The record contains two pages of colloquy between court and counsel concerning the charge of the court. It appears therefrom that plaintiffs' counsel objected to the court's failure to give his request to the effect that if the plaintiffs were injured by the negligence of an employee while acting in the prosecution of his employer's business the employer as well as the employee would be liable for damages resulting from the negligence of the employee. Regardless of whether the court should have given this charge in the words submitted by the plaintiffs, the jury found a verdict for both defendants. It is obvious that they found in favor of the defendant employee on the issue of liability and could not therefore have found against the employer, and this failure to charge could not have harmed the plaintiffs.

3. It is not clear from the record that the plaintiffs distinctly stated the grounds of their objection to the court's failure to give their requested charge on what they describe as the "last clear chance, or humanitarian doctrine." As we understand

the objection made at the trial, the plaintiffs contended that the part of the "avoidance of consequences rule"—that a plaintiff's duty to avoid the consequences of a defendant's negligence does not arise until the plaintiff apprehends or reasonably could apprehend it—was particularly applicable to this case, because at the time the plaintiff husband could have apprehended the defendant's negligence it was impossible for him to extricate himself from it. The court did charge this principle, and the charge as given was sufficient to meet the plaintiffs' objection.

4. Another ground of the motion for new trial was that the defendants' counsel failed to give copies of requests to charge, as required by Sec. 17(b) supra, to plaintiffs' counsel or gave him copies that were confusingly numbered. The record does not show that the plaintiffs' counsel objected to this at the trial, what was contained in the requests or that they were given by the court, or that the plaintiffs were harmed by the alleged defect in procedure.

5. The enumeration of error based on the denial of plaintiffs' motion for new trial on the general grounds is without merit, since there was some evidence sufficient to support the verdict for the defendants.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JUNE 5, 1967—DECIDED JULY 7, 1967.

*Lanier Randall,* for appellants.
*Peek, Whaley & Blackburn, Glenville Haldi,* for appellees.

