### 42923. FOSKEY et al. v. THE STATE.

WHITMAN, Judge. This case involves a joint appeal by Troy Foskey and Roy Foskey, who as defendants were convicted by a jury in the Superior Court of Toombs County of assault with intent to murder. They were jointly indicted and were tried jointly. Pursuant to the verdict the defendants were sentenced to different terms of punishment.

Each of the defendants filed a separate motion for new trial on the general grounds. Thereafter the defendants filed a joint amendment to their original motions for new trial by adding thereto two additional grounds assigning error on the court's failure to charge on the law of mutual combat as it relates to voluntary manslaughter in connection with its charge on manslaughter, and in failing to charge pertaining to the law of mutual combat in relation to justifiable homicide in its charge on justifiable homicide.

The original motions for new trial and grounds set forth in the joint amendment to the motions for new trial were overruled and a new trial denied each of the defendants.

The enumerated errors in this case are: (1) that the trial court erred in failing to grant a new trial to appellant Roy Foskey only on the general grounds of his motion for new trial, and (2) that the trial court erred in failing to grant a new trial to both appellants upon the two grounds of the amendment to their motions for new trial. *Held:*

While the notice of appeal was from the judgment of conviction and sentence, the enumeration of errors is properly for consideration by this court. See Sec. 1 of the Act amending the Appellate Practice Act of 1965 (Ga. L. 1966, pp. 493, 494). See also *State Hwy. Dept. v. Hilliard,* 114 Ga. App. 328 (151 SE2d 491) and *Allen v. Rome Kraft Co.,* 114 Ga. App. 717 (152 SE2d 618).

1. There is sufficient evidence in the case to support the conviction of the defendant Roy Foskey and accordingly Enumeraof error No. 1 is without merit.

2. At the conclusion of the charge of the court and after the jury had retired, the court then requested counsel to state any objections to the charge, whereupon the court was requested to recharge the jury in relation to punishment. At that time there were no other objections or exceptions to the charge as given by the court. The jury then returned for further charge and the court thereupon charged with respect to punishment for assault with intent to murder, and also charged the jury with respect to assault and battery and unlawful stabbing, and the nature of such offenses as misdemeanors. At the conclusion of this additional charge the court questioned counsel as to whether there were any further requests to charge and none were made. There were no objections or exceptions by counsel for the defendants either to the original charge as given except as above stated or to the additional charge given by the court.

Enumeration of error 2 is without merit. No party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the ground of his objection. The failure to charge as set forth in grounds 1 and 2 of the defendants' amendment to their motions for new trial, which are referred to in Enumeration 2, did not constitute substantial error which was harmful to defendants as a matter of law and, therefore, no question is presented for review. *Vogt v. Rice,* 114 Ga. App. 251 (150

SE2d 691) ; *Phillips v. State,* 114 Ga. App. 417 (151 SE2d 474), certiorari denied 114 Ga. App. 886; *Saint v. Ryan,* 114 Ga. App. 489 (2) (151 SE2d 826) ; *Clark v. Belleau, Inc.,* 114 Ga. App. 587 (151 SE2d 894) ; *Sakobie v. State,* 115 Ga. App. 460 (3) (154 SE2d 830). See also *Atkins v. Britt,* 114 Ga. App. 258 (2) (150 SE2d 841) ; *Westmoreland v. State,* 114 Ga. App. 389 (3) (151 SE2d 548).

While this court is empowered to review instructions which are substantially and harmfully erroneous as a matter of law, this is to be taken as meaning "that the error must be such as to be blatantly apparent and prejudicial to the extent that it raises the question of whether the losing party has, to some extent at least, been deprived of a fair trial because of it." *Hollywood Baptist Church v. State Hwy. Dept.,* 114 Ga. App. 98, 100 (150 SE2d 271).

"Under Sec. 17 (c) of the Appellate Practice Act (*Code Ann.* § 70-207 (c)) nothing is presented for consideration on appeal unless it appears that the error contended is 'blatantly apparent and prejudicial' (*Hollywood Baptist Church v. State Hwy. Dept.* [supra]), and that a 'gross miscarriage of justice attributable to it is about to result.' *Nathan v. Duncan,* 113 Ga. App. 630, 638 (6b) (149 SE2d 383)." *Metropolitan Transit System, Inc. v. Barnette,* 115 Ga. App. 17 (153 SE2d 656). The enumerations of error set forth in Enumeration 2 in the case sub judice do not meet that test and are, therefore, without merit. See also *Barlow v. Rushin,* 114 Ga. App. 304 (151 SE2d 199) ; *Windsor Forest, Inc. v. Rocker,* 115 Ga. App. 317 (4), 324 (154 SE2d 627).

*Judgment affirmed as to each appellant. Bell, P. J., concurs. Pannell, J., concurs specially.*

SUBMITTED JULY 10, 1967—DECIDED SEPTEMBER 20, 1967.

*William T. Darby, Sr., Paul W. Calhoun, Jr.,* for appellants.
*Dan Lanier, Solicitor General,* for appellee.

PANNELL, Judge, concurring specially. I concur in the judgment of affirmance on the grounds stated in my dissent in *Allen v. Rome Kraft Co.,* 114 Ga. App. 717 (152 SE2d 618). In my opinion we have no jurisdiction to determine whether action of the trial judge, subsequent to the judgment appealed from, is erroneous or not. We therefore must affirm.