## 43429.  ASKEW v. THE STATE.

PANNELL, Judge.  1. The brief filed by the appellant in this case does not meet the requirements of Rule 17 (a) (1) and Rule 17 (c) (3) (A) and Rule 17 (c) (3) (B) of this court adopted by it on July 21, 1965, and effective August 1, 1965, in that there is no citation or reference to the record or transcript. Accordingly, under the decisions of the court in *Strickland v. English,* 115 Ga. App. 384 (2) (154 SE2d 710) and *Crider v. State of Ga.,* 115 Ga. App. 347 (1) (154 SE2d 743) the enumerations of error for which there is no reference made in either the enumeration or the brief will be considered as abandoned.

2. Paragraph (a) of Section 17 of the Appellate Practice Act of 1965, as amended by Section 6 of the Act of 1966 (Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498; *Code Ann.* § 70-207), reads: "Except as otherwise provided in this section, in all cases, no party may complain of *the giving* or *the failure to give* an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection.  Opportunity shall be given to make the objection out of the hearing of the jury, and objection need not be made with the particularity of assignments of error (abolished by this Act) and need only be as reasonably definite as the circumstances will permit."  The record in the present case does not disclose that the appellant made any objection pursuant to the requirements of the above section as to the giving and the failure to give the charges complained of.  The requirements of Par. (c) of Sec. 17 not having been met, these alleged errors, therefore, present no question for review.  See *Strong v. Palmour,* 113 Ga. App. 750 (149 SE2d 745); *King v. Adams,* 113 Ga. App. 708 (149 SE2d 548); *Vogt v. Rice,* 114 Ga. App. 251 (150 SE2d 691); *Saint v. Ryan,* 114 Ga. App. 489 (151 SE2d 826).  Section 10 of the Act approved March 30, 1967 (Ga. L. 1967, pp. 220, 225) purporting to amend the above section so that it would apply only to civil cases was rendered unconstitutional under the decision of the Supreme Court in *Joiner v. State,* 223 Ga. 367 (155 SE2d 8).

3. The evidence was sufficient to authorize the verdict. The trial court did not err in overruling the motion for new trial. *Judgment affirmed. Jordan, P. J., and Deen, J., concur.*
ARGUED FEBRUARY 7, 1968—DECIDED APRIL 2, 1968—
REHEARING DENIED APRIL 18, 1968—

*A. B. Parker, Howe & Murphy, Harold L. Murphy,* for appellant.
*Wright Lipford, Solicitor General,* for appellee.