44819. WALDROP v. WHITE.

DEEN, Judge. This is an action for damages for personal injury resulting from an automobile collision. The evidence warrants a finding that the defendant Waldrop failed to turn right at a fork in the road where, due to bridge construction, the main road dead-ended shortly past the intersection and the paved detour road which was marked with a center line forked at an angle to the right. The defendant's car then stalled at a point blocking the plaintiff's access from the detour to the main road. The plaintiff testified that due to a curve in the detour road, he did not see the defendant's car or realize that the defendant was about to block his lane of travel until it was too late for him to stop and he collided with Waldrop's automobile. Waldrop appeals from the verdict against him.

1. There was medical testimony as to the injuries received, the hospitalization, treatment and medication employed, and the necessity therefor. Counsel might have cross examined on the reasonableness of the bills incurred had he wished to do so. The fact that there was no direct testimony that the bills admitted in evidence were reasonable does not under these circumstances render them inadmissible. The court properly charged that the jury might find "such sums as the evidence shows with reasonable certainty were reasonable and made necessary by such injuries." *Johnson v. Rooks*, 116 Ga. App. 394 (157 SE2d 527) and cit.

2. The third and fourth enumerations of error are without merit. That part of plaintiff's question which might have related to the plaintiff's financial condition was stricken on objection and the leading questions objected to on that ground were also ruled out.

3. Where the instruction that if the evidence was equally balanced a verdict should be returned for the plaintiff was directed to the affirmative allegations of the cross bill only, and the jury was so charged, the objection to this portion of the charge as an expression of opinion by the trial court is not well taken.

4. There was no error in eliminating all allegations of negligence in the defendant's cross action to the effect that the plaintiff had failed to apply his brakes when the undisputed evidence showed that he had applied his brakes and skidded some 60 feet, and then released the brakes and ran off the road in an effort to avoid hitting the defendant's automobile.

5. Portions of the charge to which no objection was made prior to verdict, and which do not appear to be substantially erroneous and harmful as a matter of law will not be reviewed. *Foskey v. State,* 116 Ga. App. 334 (157 SE2d 314).

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*

Argued October 6, 1969—Decided November 6, 1969.

*Charles H. Hyatt, Wm. Lewis Spearman,* for appellant.
*M. W. Hendon,* for appellee.