## 48318. BATSON-COOK COMPANY v. LODEN & COMPANY, INC.

ARGUED JULY 2, 1973 — DECIDED JULY 13, 1973.

*Glover & Davis, Welborn B. Davis, Jr.,* for appellant.
*Archer, Patrick & Sidener, Griffin Patrick, Jr., Charles F. Reeves,* for appellee.

DEEN, Judge. ■ The defendant contends that the verdict is not supported by evidence generally because (a) there is no evidence that the plaintiff performed extra work because there is no evidence of excessive chippage; (b) what work the plaintiff performed in this regard was demanded by the original contract specifications and was not extra work; (c) notice of intention to claim extra compensation was not given as required by the contract; (d) no monetary amount of damages was shown. As to the first two contentions, the evidence set out in the statement of facts is sufficient to raise a jury question as to whether or not the plaintiff was held to a higher rate of performance than the

specifications called for. This depended entirely on whom the jury chose to believe, and we will not interfere with the result. The question of damages will be dealt with in the third division of this opinion. As to notice requirements, involving enumerations of error 3, 6 and 7, it is true that written notice of intention to claim extra compensation was required by the general provisions of the document signed by the owner and general contractor, and that the provisions of this contract were incorporated by reference into the contract between the plaintiff and defendant. The notice was required to be given prior to the execution of the work by Article 16 of the Standard Form General Conditions. Plaintiff did give notice that the requirement stated would *in all probability* result in labor and materials above contract specifications. The defendant denied this. Thereafter, according to disputed evidence offered by the plaintiff, it was *as a matter of fact* forced to do excessive culling, and this did *as a matter of fact* result in higher costs, as he had informed the defendant it probably would. Provisions as to notice must be reasonably construed. Cf. *Clark v. Belleau,* 114 Ga. App. 587 (2) (151 SE2d 894); *State Hwy. Dept. v. Hall Paving Co.,* 127 Ga. App. 625 (194 SE2d 493). The trial court properly refused a request to charge the jury that, unless they found the notice "clear, definite, explicit and not ambiguous" they would be required to return a verdict for the defendant. Since the plaintiff had already stated its opinion in regard to a situation the determination of which was still in the future (that is, that compliance with the architect's demands would result in extra work) the statement of the defendant to the contrary (contract requirements have not changed) did not require an answer, and it was proper to refuse a request to charge, in the language of Code § 38-120, as to the presumption arising from failure to reply to a letter where good faith requires an answer.

■ No objection having been made to the charge complained of in the 8th enumeration of error, it will not be considered here. *Lane v. Morrison,* 124 Ga. App. 316 (1) (183 SE2d 533).

■ In the fifth enumeration of error the appellant urges that damages were not proved in the manner specified in the contract. In the ninth he complains of evidence admitted on the question of extra cost. In the latter regard Harmon, the foreman or job superintendent, and Loden, who were personally seeing the project through, both testified in some detail as to the procedures used for culling the bricks in order to meet inspection standards in regard to chipping and "fluting." Twice the court sustained objections to

testimony of Loden as to any culling he had not personally watched being done. Since there were figures on the usual rate of defective bricks, the rate on this job, its relation to culling requirements, and the value in time and material so expended, a sufficient foundation had been laid. The specific objection came somewhat later in Loden's testimony when he was asked: "Based upon your experience in the past and the time and so forth, that you have testified to, what was the cost to your company of the extra work you performed on this contract?" and the witness replied: "I stated 35,400 brick were culled out because of chippage. . . The total cost, as I calculated it, was $12,653.12." Mulherin, another witness who qualified as an expert, testified that specifications allowed 5% cullage, but normally there would probably be two or three percent. Evidence is relevant where it relates directly or indirectly to the question being tried. *Gallant v. Gallant,* 223 Ga. 397 (156 SE2d 61); *Tifton T. & G.R. Co. v. Butler,* 4 Ga. App. 191 (60 SE 1087); *A. A. A. Hwy. Exp. v. Hagler,* 72 Ga. App. 519 (34 SE2d 462). The jury may infer the existence of facts reasonably and logically consequent on those proved. *Stephens v. Wilson,* 58 Ga. App. 24 (197 SE 350). There was sufficient evidence to warrant an inference that the amount of culling necessitated by the architect's requirements as enforced on subsequent inspections increased the cost in the amount of the verdict. Obviously, the circumstances are not exactly those contemplated by articles 15 and 16 of the general conditions in the prime contract and incorporated by reference in the subcontract, where, to make a claim valid, the contractor is obligated to figure extra cost for future work to be done, and then procure a written order from the owner signed by the architect, and thereafter determine the amount, if in dispute, by presenting vouchers supporting the cost plus a further amount for overhead. The defendant was as well informed as the plaintiff on what was being required; the question basically is not how much it would cost but whether or not it was a requirement over and above contract specifications. The testimony of Loden was admissible, and there was no deviation from the contract such as to invalidate the claim.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*