## 59505. HALL et al. v. MIDDLETON et al.

DEEN, Chief Judge.

Nellie L. Hall and Melvin Hall brought suit against the defendants for injuries sustained by Mrs. Hall in an automobile accident after the vehicle in which she was riding was struck in the rear by a Volkswagen driven by Frank D. Middleton, Jr. After a jury verdict in favor of the defendants, the Halls appeal.

1. Appellants contend that the trial court erred in giving certain charges to the jury. At trial the appellants objected to a charge on "serious injury" as defined in Code Ann. § 56-3402b and "then you use the ten (10) day limitation . . . because I feel like it was harmful, and may not be an abstract principle of law." The trial judge appeared to be confused by the objection and stated: "You're objecting to me charging on Georgia Code Section 56-3402b giving the definition of serious injury, is that right? A Yes. Court: Alright, sir. A And then Section 56-3410b. And then the second objection I have is, I feel like the court's instructing the jury as to the various verdicts involved was confusing." (This second objection has not been enumerated as error on appeal.)

In charging the definition of a "serious injury," the court tracked Code Ann. § 56-3402b (j), "Now serious injury means an accidental bodily injury which results in death, a fractured bone, permanent disfigurement, dismemberment, permanent loss of bodily function, permanent partial or total loss of sight or hearing, injury resulting in reasonably incurred medical expenses exceeding five hundred dollars ($500), or an injury resulting in disability for not less than ten consecutive days." Appellants argue that the court should have charged the jury in more certain terms and that the statutory threshold injuries were alternative because some jurors would think that the plaintiff would have had to suffer all the injuries defined in order to recover. This reason was not stated in the court below as only a general objection to the charge was made. Therefore, nothing has been presented to this court for review. *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393) (1966).

Appellants also argue that it was error to charge that they could not recover for an injury unless it was a serious injury as provided in Code Ann. § 56-3401b (a) because the pleadings, testimony, and evidence did not show that the defendants were covered by no-fault insurance. They claim that the appellees should have been required by the court to prove that they had such coverage because the defendants' right to invoke the statutory exemption was challenged by their objection to the trial court's

instruction as required in *Powell v. Manning*, 242 Ga. 778 (251 SE2d 522) (1979). The record shows that at no time during trial did the appellants make such a challenge and that only a general objection was made to the charge on the exclusion. Once again, nothing has been presented to this court for review. *State Hwy. Dept. v. Hilliard*, 114 Ga. App. 328 (151 SE2d 491) (1966).

2. Appellants' remaining enumerations of error also pertain to the charge and were not raised in the court below. They may not be raised for the first time on appeal. *Johnson & Schultz &c., Inc. v. Overnight Transp. Co.*, 128 Ga. App. 392 (196 SE2d 681) (1973).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED FEBRUARY 7, 1980 — DECIDED APRIL 10, 1980.

*James E. Greene*, for appellants.
*J. Clinton Sumner*, for appellees.