*Harvey C. Brown, Jr.*, for appellee.

## 67976. HOWARD v. THE STATE.

CARLEY, Judge.

Appellant was found guilty by a jury of two counts of simple battery, criminal interference with government property, and obstruction of a police officer. He appeals from the judgment of conviction and sentences entered in the guilty verdicts.

In his sole enumeration of error, appellant asserts that the trial court erred by admitting into evidence certain opinion testimony.

The evidence adduced at trial showed that Officers Odem and Ward were dispatched to the home of appellant's brother to investigate a domestic dispute. Following the officers' arrival, a scuffle ensued, and Officer Odem attempted to place appellant under arrest. Appellant resisted the arrest and began choking Officer Odem by placing his hand around Odem's neck. Officer Ward was unable to pull appellant away from Odem or break the choke hold until three additional officers arrived at the scene to assist.

During the trial, Officer Odem testified as to these events surrounding appellant's arrest, and as to appellant's behavior. He further testified that he "felt that [appellant] was under the influence of something other than alcohol. I have had some dealings with individuals on various types of drugs in the past, and — ." Appellant objected to Officer Odem's testimony on the ground that "he can testify as to the demeanor of the [d]efendant, but not as to his opinion [that] he was on drugs." Appellant's objection was overruled, and he asserts on appeal that any evidence that he was on drugs could only be introduced by expert opinion testimony.

Assuming without deciding that the admission of Officer Odem's opinion testimony that appellant was under the influence of drugs was error, it was harmless, since other evidence of the same nature had already been admitted during the trial without objection. Officer Odem had earlier testified that he "felt that [appellant] was under the influence of something like some type of drug at the time [of his arrest]." Officer Ward had also previously testified that appellant seemed to be under the influence of alcohol or drugs. The testimony of both officers was admitted without objection. "Where evidence of the same nature as that objected to is admitted without objection, the admission of the evidence objected to, if error, is harmless. [Cit.]" *Saint v. Ryan*, 114 Ga. App. 489 (1) (151 SE2d 826) (1966). See also *Malcolm v. Cotton*, 128 Ga. App. 699, 700 (1) (197 SE2d 760) (1973).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 22, 1984.

*James C. Warnes II, Donald T. Wells, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.