## 52176. DANIEL & DANIEL, INC. v. STEWART BROTHERS, INC.

Pannell, Presiding Judge.

The appellant-defendant was the prime contractor on a parking lot project for the Southern Railroad and appellee-plaintiff was the subcontractor to install curb and gutter and asphalt paving on a subgrade to be repaired by the main contractor. Plaintiff brought an

action against the defendant alleging: "Defendant owes plaintiff $41,102.20 principal, plus interest on a written contract, a copy of which is attached hereto marked Exhibit A, the itemization of said indebtedness being attached hereto marked Exhibit B." The Exhibit B was in the form of a statement of account as follows:

| | | |
|---|---|---|
| Curb installed- | 6,358 L. F. @$2.60 | $16,530.80 |
| Curb repoured | 378 L. F. @$2.60 | 982.80 |
| Light Duty Paving | | |
| 100% complete | 53,038 Sq. yds. @ 3.49 | $185,102.62 |
| Heavy Duty Paving | | |
| 100% complete | 13,862 Sq. yds. @ $4.00 | 55,448.00 |
| Change Order | Lump Sum | 2,673.00 |
| Gate Relocation | | 2,711.00 |
| Change Order | Lump Sum | 16,500.00 |
| Repairs — 7/20 to 8/5 | | 8,576.30 |
| Repairs — 8/7 thru 8/24 | | 2,434.28 |
| | | $290,958.80 |
| | Less Previous Payments | 249,856.60 |
| | Balance Due | 41,102.20 |

The defendant answered, its second defense being an attack upon the sufficiency of the return of service. It denied the alleged indebtedness, alleging that plaintiff failed to perform the paving properly and certain required repairs by the defendant were deducted from the contract price; and that the last three items on Exhibit B, are not recoverable as there "was no authority for said change orders, and the cost of the repairs were to be borne by plaintiff, since they were due to plaintiff's failure to properly perform the contract."

The trial judge overruled defendant's second defense and a verdict was returned in favor of the plaintiff for the full amount sued for. The defendant filed a motion for new trial upon the general grounds and later amended, claiming the court erred in admitting into evidence plaintiff's invoice for the $16,500 items, the $8,576.30 item and the $2,434.28 item, being Exhibits 4, 5, and 6, as introduced into evidence, on the grounds there was "insufficient evidence to establish that such an agreement in fact was entered into by the parties." The objection made to this evidence was as follows: "On the ground that that is for work that the plaintiff contends is

outside the contract. He is suing on a written contract. The written contract calls for a written change order, and plaintiff has testified there is no written change order. Therefore, we object on the ground that that work is not covered by the contract and it is inadmissible." Error is enumerated on the overruling of the motion for new trial, the admission of the evidence complained of, and the overruling of the defendant's defense No. 2, and the entry of judgment in favor of the plaintiff.

1. The defendant's second defense was "The complaint and process attached show insufficiency of service of process in that service is not shown to be in compliance with Section 4 (d) (1) of the Civil Practice Act (Ga. Code Ann. § 81A-104(d) (1))."

Upon motion that this attack in the answer upon the return of service be disposed of prior to trial on the merits under Section 12 (d) of the Civil Practice Act (Code Ann. § 81A-112 (d)), the trial judge set a hearing on such defense on the same day of, but prior to, trial on the merits of the case, and after hearing entered the following order: "Defendant's motion [sic] having come on for hearing prior to the trial of this case, and the court, having determined from the face of the summons itself that no evidence is needed for a decision on the motion, it is hereby ordered that defendant's motion [sic] is denied, the entry of service on its face showing valid service." We note here the hearing was not on a motion but upon a preliminary determination of a defense set up in the answer. The defendant enumerates error on (a) the failure of the trial judge to hear evidence on the matter, and (b) in not sustaining the defense.

(a) The defense attacked the complaint and process and return on its face as showing an insufficiency of service of process under Section 4 (d) (1) of the Civil Practice Act, and no claim was asserted that there was no proper service as a matter of fact. The return of service is mere evidence of service. *Jones v. Bibb Brick Co.,* 120 Ga. 321 (48 SE 25). Under this defense, therefore, the defendant was confined to the face of the record as to whether the return was sufficient proof of service. There was no error, in the trial judge determining the defense based upon the face of the return of service.

(b) The complaint alleged the defendant was a Georgia corporation and subject to the jurisdiction of the court in which the suit was brought. The summons was in proper form. The return of service signed by a deputy marshal recited: "Served the defendant, Daniel & Daniel, Inc., a corporation, by leaving a copy of the within action and summons with Lee Hawkes in Charge of the office and place of doing business and said corporation, in DeKalb County, Georgia."

Section 4 (g) (4) of the Civil Practice Act, as amended (Code Ann. § 81A-104 (g) (4)) provides: "Failure to make proof of service shall not affect the validity of the service." This same language is contained in Section 5 (b) of the Civil Practice Act, as amended (Code Ann. § 81A-105 (b)). Service under the provisions of Section 4 (d)(1) is not the sole method of serving a corporate defendant. See Section 4 (i) of the Civil Practice Act, which provides that the methods of service set forth therein are alternative methods of service and are cumulative, and may be utilized with, after, or independently of, other methods of service. That the defendant was subject to the jurisdiction of the Civil Court of DeKalb County in which the action was brought, was alleged in the complaint and admitted in the answer. It appears, therefore, that the defendant is subject to the jurisdiction of the Civil Court of DeKalb County, either because DeKalb County is the domicile of the corporation or the location of its principal place of business (Art. VI, Sec. XIV of the Constitution of the State of Georgia (Code Ann. § 2-4906); *McCall v. Central of Ga. R. Co.,* 120 Ga. 602, 604 (48 SE 157); *Hutcheson Mfg. Co. v. Chandler,* 29 Ga. App. 726 (116 SE 849)), or because DeKalb County in which the suit was brought was a county in which the contract was made, or was to be performed, "if it has an office and transacts business there." See Code § 22-5301, which is former Code § 22-1102 of the Code of 1933, re-enacted by the Corporation Act of 1968 (Ga. L. 1968, pp. 565, 820). Former Code § 22-1101 was repealed by that Act. Under the provisions of Code § 22-5301, service "may be effected by leaving a copy of the writ with the agent of the defendant, or if there be no agent in the County, then at the agency or place of business." While it is true that

whether Hawkes is an agent of the company, might not be affirmatively and specifically shown on the return, or that service was perfected in the absence of an agent by leaving a copy at the agency or place of business is not specifically and definitely shown, (although it does show that Hawkes was in charge of the agency or place of business), the return is nevertheless not void under either method of service, but is merely incomplete and is amendable; and ordinarily an amendment of the return would be required or permitted. See *Jones v. Bibb Brick Co.,* 120 Ga. 321, supra; *Seaboard Air Line R. v. Davis,* 13 Ga. App. 14 (78 SE 682), and *Phillips v. Bond,* 132 Ga. 413, 421 (64 SE 456). However, be that as it may, the appellant here has never attacked the service itself or denied that it has been served and served properly. It has merely attacked the *return of service* as being insufficient proof.

Both Section 4 and Section 5 of the Civil Practice Act provide that the failure of proof of service (by the return made thereof on the face of the record) does not affect the validity of the service, and the purpose of this rule is "to prevent a defendant who has been served from attacking the validity of service upon him on the technical ground that the person making service failed to make proof thereof." See 2 Moore's Federal Practice, p. 1295.2, § 4.43. There being no attack upon the validity of the service if made and no defense set up that no such service was made, the defendant has waived service by appearing and pleading, and not attacking the fact of service, but only the lack of proof thereof by the return of service. See Section 12 (h) (1) of the Civil Practice Act (Code Ann. § 81A-112 (h) (1)). We, therefore, see no cause for reversal or for requiring the return of service to be amended, as proof of service is no longer necessary. A different ruling might be required on a motion by a plaintiff for a default judgment in the absence of an appearance by defendant, or upon a motion by defendant to open a default or to set aside a default judgment, where there is a defective return, or lack of a return of service. See *Jones v. Bibb Brick Co.,* 120 Ga. 321, supra.

2. Upon the trial of the case it appeared the amount sued for consisted of the amount permitted by the contract to be retained until completion of the work, being the

$10,880.62, which item included the retention on a change order of $2,673 for the first repairs to the paving by the plaintiff, the remainder of which item was paid. These repairs and the other repairs hereinafter mentioned, according to the plaintiff's evidence were necessitated by defendant's failure to properly prepare the subgrade. There was evidence to the contrary. The next item was for additional repairs for which a bid had been submitted in the amount of $27,500, but which was reduced to $16,500, with the defendant doing a portion of the work, and which item, according to the plaintiff's evidence, the president of the defendant corporation accepted and agreed to pay. Both of these items, according to plaintiff's evidence, were orally authorized change orders. Another item was the $2,711 verbal change order as to the gate or entrance location to the parking lot. This item was authorized by the president of the defendant corporation, and there is no contest as to it. Another item is the $8,576 charge for repairs for digging out some work already done and pumping out water, part of it in an area where paving had already been replaced. There was evidence that the president of the defendant corporation agreed to pay the $16,500 item, along with repair work done up to August 5, 1972, which prior work was reflected by the $8,576 claim. Another item, the $2,434 invoice was for work done August 7, 1972. The defendant was in the process of doing some repair work and the plaintiff was required to help in this, and dig out and replace paving. This item was done on an oral and not a written basis. The president of plaintiff corporation testified that this latter work was done without written authorization because previous oral change orders had likewise been given such as the $2,673 item, which except for retainage, had been paid; and another orally authorized item, the $2,711 entrance change which had been admitted owed by the defendant; that the work was behind schedule and it was customary under these circumstances to work on oral change orders so that the work could get completed. The president of the defendant corporation denied that he had ever authorized or agreed to pay for the $16,500 item and the $8,576 item.

(a) "It has long been the law of this state that the provisions of a building contract requiring a written

change order before beginning work for which recovery is sought are valid and binding provisions. *Heard v. Dooly County,* 101 Ga. 619 (28 SE 986); *Finn v. Carden,* 100 Ga. App. 270 (110 SE2d 693); *Bailey v. Martin,* 101 Ga. App. 63 (112 SE2d 807); Anno. 66 ALR 649; Anno. 2 ALR3d 620. However, where the parties by a course of conduct have departed from the terms of the contract and operated without prior written change orders, there may be a waiver, or oral variation of the provisions of the contract. Id. See also *State Hwy Dept. v. Wright Contracting Co.,* 107 Ga. App. 758 (2) (131 SE2d 808); *Mion Chemical Brick Corp. v. Daniel Const. Co.,* 111 Ga. App. 369 (141 SE2d 839); *Clark v. Belleau, Inc.,* 114 Ga. App. 587 (2) (151 SE2d 894); *Parker v. Brown House Co.,* 117 Ga. 1013, 1015 (44 SE 807). As was said in *McDaniel v. Mallary Bros. Machinery Co.,* 6 Ga. App. 848 (66 SE 146): "Where a contract prescribes conditions precedent to a party's right to set up a cause of action or defense, and the terms are reasonable, the opposite party may usually successfully plead a failure to comply with the conditions, as a reason for the court's refusal to entertain the action or defense. But forfeiture of rights is not favored, and the courts will readily seize upon circumstances arising in the subsequent conduct or transactions of the parties and imply a waiver, in order to prevent a forfeiture because of non-compliance with formal prerequisites.'" *Biltmore &c. Co. v. Tri-State &c., Inc.,* 137 Ga. App. 504, 506 (224 SE2d 487).

Under the evidence here the trior of fact was authorized to find there was a waiver of the contract provisions requiring written change orders as to the $16,500 item, the $8,576.30 item and the $2,434.28 item, being the items shown by plaintiff's invoice Exhibits 4, 5 and 6 introduced into evidence over objection, it follows, therefore, that they were not inadmissible because of an absence of written change orders or an absence of agreement thereto. There was no error in admitting them into evidence.

(b) The contract contained the following provisions: "Before issuance of final payment, the subcontractor, if required, shall submit evidence, satisfactory to the contractor that all the payrolls, bills for materials and

equipment, and all known indebtedness connected with the subcontractor's work have been satisfied." The evidence in the present case shows these subcontractors' job was completed, and the present action was filed on October 18, 1973, and trial was had on the 13th and 14th days of October, 1975. At the trial, it was disclosed that no liens had been filed except the lien of the plaintiff subcontractor. Under these circumstances, a compliance with the requirement of the above provision of the contract is not necessary, the time for filing of liens having expired. Nor was it necessary that the plaintiff subcontractor be required to waive his lien until he has been paid in full.

(c) Accordingly, the evidence was sufficient to authorize the verdict found, and the judgment entered thereon was proper.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED MAY 4, 1976 — DECIDED JUNE 28, 1976 — REHEARING DENIED JULY 20, 1976 — 

*Richardson, Chenggis & Constantinides, Platon P. Constantinides,* for appellant.

*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, Dennis M. Hall,* for appellee.