## 53513. ROYAL ATLANTA DEVELOPMENT CORPORATION v. M. D. HODGES ENTERPRISES, INC.

SHULMAN, Judge.

Appellant, as seller, and appellee, as purchaser, entered into a contract for the sale of real estate. Some ten months later, appellant filed suit seeking the earnest money put up by appellee, alleging a wrongful refusal to close the transaction. Appellee answered with a defense of failure to complete conditions precedent and fraud in the inducement. Both parties moved for summary judgment. This appeal is from an order granting the motion of appellee and denying that of appellant.

1. Appellant has contended throughout this litigation that all defenses based on failure to complete conditions precedent were waived as a matter of law because no objections were made before this suit arose. It is true that a waiver of conditions precedent can be implied by the conduct of the parties. *Daniel & Daniel v. Stewart Bros.,* 139 Ga. App. 372 (228 SE2d 586). In the case at bar, however, the state of the evidence precludes a determination that, as a matter of law, there was or was not a waiver of the conditions precedent relied upon by appellee as a defense. Conflicts in the affidavits and depositions of the parties and their counsel provide questions of fact as to whether appellee waived its right to raise the noncompletion of conditions precedent.

Although the order is silent as to the specific grounds on which summary judgment was granted, the transcript of the hearing shows that it was granted on the issue of the

failure to complete a road. The contract gave appellee an absolute right to terminate the agreement if certain roads were not completed within six months. The trial court properly found that, by the terms of the contract, one road was not completed. However, the right to terminate matured some four months before appellant filed this suit. Appellee had made no indication that it would terminate the contract. Indeed, the first time appellee raised the issue was a full year after the right matured and nine months after the commencement of litigation. This protracted silence raises a fact issue as to whether appellee had waived the right to terminate by its inaction. Summary judgment on that ground was, therefore, inappropriate and reversal is required.

2. Appellant has raised on this appeal the denial of his motion for summary judgment. Appellee contends that this case is controlled by *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (229 SE2d 753). Appellee is correct.

The instant case is procedurally congruent with *Ga. Motor Club, Inc. v. First Nat. Bank &c. Co.,* 137 Ga. App. 521 (224 SE2d 498), insofar as the granting and denial of summary judgment is concerned. In that case, this court construed the 1975 amendment to Code Ann. § 81A-156 (h) to allow the appeal of a denial of summary judgment without a certificate of immediate review where, as here, there was a final judgment which formed the basis of the appeal. The rationale of that holding seems correct, but the case was expressly disapproved by *Marietta Yamaha,* which did not involve the same situation. Although we disagree with the application of the holding of *Marietta Yamaha* to the situation presented by this appeal, we are bound by the decisions of our Supreme Court and cannot consider the merits of the denial of appellant's motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED MARCH 7, 1977 — DECIDED APRIL 5, 1977.

*Lefkoff, Pike & Fox, George M. Fox,* for appellant.
*Hansell, Post, Brandon & Dorsey, G. Lee Garrett, Jr.,*

for appellee.