## 72563. ALLEN v. McKOOL.
### (349 SE2d 833)

BENHAM, Judge.

Appellant contracted to purchase a tract of realty from appellee and gave $2,500 earnest money to an escrow agent for the sale. The sales contract made appellant's obligation to close contingent on a change in the zoning classification of the property to permit condominium-type development. The rezoning was to be pursued by appellant at his expense, and if the effort was successful, the closing on the property was to occur no later than June 23, 1984. The contract also required appellant to give written notice of the time of closing at least three days prior to the closing date and provided that if appellant breached the contract, appellee would receive the earnest money as liquidated damages. The rezoning was accomplished and became final according to the contract terms on May 23, 1984. On June 21, appellant sent appellee written notice that the closing would take place on June 22 at 11:30 a.m. When appellee failed to appear, appellant sent him a second written notice that closing would take place on June 23 at 9:30 a.m. On June 22 at 1:00 p.m., appellee notified appellant through the escrow agent that he did not intend to close the transaction. Appellant sued for specific performance of the contract and damages in the alternative. After discovery, appellee moved for summary judgment and appellant moved for partial summary judgment; the trial court denied appellant's motion and granted appellee's motion. Appellant contests both the grant and the denial of judgment.

We reverse the grant and affirm the denial.

1. Appellant claims that the trial court should not have granted appellee's motion for summary judgment because a genuine issue of fact existed whether the three-day written notice provision was material to the contract. He also contends that the trial court should have granted appellant's summary judgment motion because appellant had substantially performed his obligations under the contract with regard to notice. We disagree with both arguments. Appellant drafted the contract and specifically added the three-day notice provision. We will not and he cannot deny its materiality simply because he failed to meet its requirement. "[C]ourts are not at liberty to revise contracts while professing to construe them. [Cits.]" *Brigadier Indus. v. Pippin*, 148 Ga. App. 145, 146 (251 SE2d 114) (1978). The trial court was correct in stating that appellant breached the contract by failing to give the required notice, since it was uncontradicted that appellant gave only one day's written notice of each proposed closing date.

2. However, the trial court did err in holding that there was no genuine issue of material fact and in granting summary judgment to appellee. Our review of the record reveals that appellee knew appellant had breached the notice requirement when appellee notified him by telephone on June 22 that appellee would not go through with the closing. According to appellee's attorney's affidavit, appellee's original stated reason for refusing to close was that he thought the contract required closing to occur on or before May 24. However, an affidavit given by appellant's attorney, the other party to the phone call, merely states that appellee claimed a breach of contract excused him from closing the sale. The subsequent written correspondence summarized the conversation using the same broad language. It appears that the first time appellee specifically raised the breach of notice issue was after suit was filed against him. Since it is not clear from the evidence whether or not appellee, by his conduct, waived his right to object to appellant's breach, summary judgment in appellee's favor was inappropriate. *Royal Atlanta Dev. Corp. v. M. D. Hodges Enterprises*, 141 Ga. App. 838 (234 SE2d 676) (1977). See also *Fenn v. Ware*, 100 Ga. 563 (28 SE 238) (1897). Because an issue of fact exists, appellant's third enumeration of error, in which he contends that as a matter of law appellee waived objection to the breach, has no merit.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 21, 1986.

*Samuel N. Frankel, William F. Clark, Douglas H. Reynolds, Jr.,* for appellant.

*Bruce E. Pashley*, for appellee.