A90A0054. CONSOLIDATED FEDERAL CORPORATION v. CAIN et al.
(394 SE2d 605)

POPE, Judge.

Plaintiff/appellant Consolidated Federal Corporation and defendants/appellees Frank and Eudene Cain entered into a written agreement pursuant to the terms of which defendants were to construct a house for plaintiff on a lot located in Gwinnett County, Georgia. Defendants failed to deliver the house for the price agreed upon in the contract ($37,152) and plaintiff brought suit seeking specific performance or, in the alternative, damages for breach of contract. Defendants answered and counterclaimed, seeking damages of

$59,351.91, which they contended was the amount owed to them for labor, material and services performed in connection with construction of the house, as well as attorney fees and expenses of litigation. The jury returned a verdict in favor of defendants, awarding them $57,951 compensatory damages, conditioned upon defendants conveying the property to plaintiff, and $4,226.05 in attorney fees. The appeal follows the trial court's denial of plaintiff's motion for j.n.o.v. or in the alternative new trial. We affirm.

1. Plaintiff first contends that the trial court erred in allowing, over objection, testimony that plaintiff's representatives orally instructed defendants to make certain changes and modifications to the house while it was under construction. Although paragraph 7 of the building contract required all change orders to be in writing and signed by both parties to the contract, the trial court permitted defendants to present evidence that they were orally instructed by plaintiff's representatives to make these changes, and that these changes resulted in construction costs which were substantially higher than the price specified in the contract. Plaintiff's representatives also testified at trial, and denied that they made any oral requests for changes or modifications.

"It has long been the law of this state that the provisions of a building contract requiring a written change order before beginning work for which recovery is sought are valid and binding provisions. [Cits.] However, where the parties by a course of conduct have departed from the terms of the contract and operated without prior written change orders, there may be a waiver, or oral variation of the provisions of the contract. [Cits.] As was said in *McDaniel v. Mallary Bros. Machinery Co.,* 6 Ga. App. 848 (66 SE 146) [(1909)]: Where a contract prescribes conditions precedent to a party's right to set up a cause of action or defense, and the terms are reasonable, the opposite party may usually successfully plead a failure to comply with the conditions, as a reason for the court's refusal to entertain the action or defense. But forfeiture of rights is not favored, and the courts will readily seize upon circumstances arising in the subsequent conduct or transactions of the parties and imply a waiver, in order to prevent a forfeiture because of non-compliance with formal prerequisites. [Cit.] Under the evidence here the trior of fact was authorized to find there was a waiver of the contract provisions requiring written change orders as to [the items testified to by defendants and other witnesses at trial], it follows, therefore, that [this evidence was] not inadmissible because of an absence of written change orders or an absence of agreement thereto." (Indention and punctuation deleted.) *Daniel & Daniel, Inc. v. Stewart Bros.,* 139 Ga. App. 372, 377-378 (228 SE2d 586) (1976).

2. For the reasons stated in Division 1, supra, the trial court did

not err in instructing the jury that "where the parties by a course of conduct have departed from the terms of the contract and have operated without prior written change orders, there may be a waiver, or oral variation of the provisions of the contract [requiring written change orders].

3. We have examined plaintiff's remaining enumerations of error and find them also to be without merit.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MAY 16, 1990.

*Greer, Klosik & Daugherty, John F. Daugherty, Robert J. Mc-Cune*, for appellant.

*Pruitt & Britt, Glyndon C. Pruitt, Walter M. Britt*, for appellees.