## A09A0722. DuPREE v. SOUTH ATLANTIC CONFERENCE OF SEVENTH-DAY ADVENTISTS, INC. et al.

(683 SE2d 1)

JOHNSON, Presiding Judge.

In August 2006, Ronald DuPree entered into an agreement to buy a parcel of real property owned by the South Atlantic Conference of Seventh-Day Adventists, Inc. ("South Atlantic"). The contract was executed on behalf of South Atlantic by the pastor of New Jerusalem Seventh-Day Adventist Church. The contract indicated that DuPree had made an initial earnest money payment of $3,000 in August 2006, and was required to make another earnest money payment of $10,000 on December 2, 2006. Due to an oversight, DuPree failed to make the second earnest money payment. Apparently no one noticed the omission, and the pastor, New Jerusalem's real estate agent, DuPree's real estate agent, and the closing attorneys communicated and generally proceeded as if the December 12, 2006 closing were going forward as scheduled.

However, on December 11, 2006, the executive secretary for South Atlantic informed its real estate agent, for the first time, that the pastor had not been authorized to enter into the contract and that South Atlantic would therefore not consent to the closing. The executive secretary stated, however, that South Atlantic's executive committee would meet in late January 2007, and would decide then whether to approve the contract. New Jerusalem's real estate agent relayed the message to DuPree's real estate broker. On December 21, 2006, DuPree's attorney sent a letter to South Atlantic demanding that South Atlantic proceed to closing.

South Atlantic's executive committee met in January 2007 and voted not to sell the property. When asked on deposition what the committee members discussed concerning the sale, the executive secretary noted that "there was some discussion that that property is worth a lot more than [the proposed price]," and that "it is more valuable to us to keep [the property] than to sell" it.

On January 4, 2007, DuPree filed an action against South Atlantic for declaratory judgment, specific performance, injunctive relief and damages based on breach of contract. DuPree alleged that South Atlantic agreed to sell the property to him, that he attempted to tender the purchase price to South Atlantic, that he performed all obligations required by the contract, and that South Atlantic refused

to sell the property.

In May 2007, South Atlantic answered the complaint, generally denying the allegations, and essentially defending the action on the ground that there was no contract because the pastor who executed the contract lacked authority to bind South Atlantic.

On January 29, 2008, South Atlantic filed an amended answer raising, for the first time, the defense of failure of a condition precedent; namely, it asserted that DuPree failed to make the second earnest money payment that was due on December 2, 2006. South Atlantic moved for summary judgment claiming that DuPree's claims were barred because he failed to make the second earnest money payment, and the contract had not been signed by an officer of South Atlantic. In response, DuPree asserted, among other things, that South Atlantic waived the right to base its refusal to perform on his failure to pay the earnest money when it proceeded to consider the validity of the contract notwithstanding his noncompliance; and when it failed for over a year after the lawsuit was filed to cite such noncompliance as the basis for its refusal to honor the contract.

In its order granting South Atlantic's motion for summary judgment, the trial court noted that it was addressing only the issue of whether South Atlantic waived the condition that DuPree make the second earnest money payment by December 2. The court held that DuPree was required to make the payment, that he failed to do so, that South Atlantic did not waive the condition, and that DuPree's failure to satisfy the condition vitiated South Atlantic's obligation to consummate the sale. DuPree appeals. For the reasons that follow, we reverse.

Summary judgment is proper when there is no genuine issue of material fact remaining for jury resolution and the movant is entitled to judgment as a matter of law.[1] We apply a de novo standard of review to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

Where a contract prescribes a condition precedent to a party's right to set up a cause of action or defense, and the term is reasonable, the opposite party may usually successfully plead a failure to comply with the condition as a reason for the court's refusal to entertain the action or defense.[3] But the courts do not favor forfeiture of rights, and we will readily seize upon circum-

---

[1] OCGA § 9-11-56 (c).

[2] *Holt & Holt v. Choate Constr. Co.*, 271 Ga. App. 292 (609 SE2d 103) (2004).

[3] *Consolidated Fed. Corp. v. Cain*, 195 Ga. App. 671, 672 (1) (394 SE2d 605) (1990); *Daniel & Daniel, Inc. v. Stewart Bros., Inc.*, 139 Ga. App. 372, 378 (2) (a) (228 SE2d 586) (1976).

stances arising in the subsequent conduct or transactions of the parties and imply a waiver, in order to prevent a forfeiture because of noncompliance with formal prerequisites.[4] Waiver may be shown by conduct before or after the closing date.[5] A defendant's protracted silence may raise a fact issue as to whether he has waived a right.[6] Whether performance of a condition has been waived is generally a question for the trier of fact.[7]

The record shows that the second earnest money payment was due on December 2, 2006, that DuPree failed to make the payment, and that South Atlantic did not protest DuPree's failure to make the payment until more than a year later, in the amended answer it filed in January 2008. South Atlantic's only specific objections of record before the suit was filed and for a year thereafter concerned the pastor's authority to bind South Atlantic, and the inadequacy of the selling price.

South Atlantic avers that it did not know DuPree missed the second payment until DuPree was deposed in December 2007. However, there was evidence that South Atlantic was significantly involved in the transaction early on. For instance, South Atlantic's executive secretary was aware of the contract in August 2006, was present at a meeting in August 2006, the purpose of which was to advise the New Jerusalem congregation about the specifics of the contract and the time line for closing, and he gave the executive committee members "the particulars from the contract" in the January 2007 meeting.

Thus, it is not clear from the evidence whether South Atlantic, by its conduct in saying nothing about the earnest money payment for more than a year after the deadline for payment passed, waived its right to object to DuPree's failure to satisfy the payment condition.[8] South Atlantic's "protracted silence raises a fact issue as to whether [it] had waived the right to [object to noncompliance with the earnest money payment condition] by its inaction."[9] While mere silence is ordinarily not sufficient to establish a waiver unless there is an obligation to speak,[10] South Atlantic met DuPree's inquiries

---

[4] *Consolidated Fed. Corp.*, supra.

[5] See *Miller v. Coleman*, 284 Ga. App. 300, 302 (1) (643 SE2d 797) (2007).

[6] *Royal Atlanta Dev. Corp. v. M. D. Hodges Enterprises*, 141 Ga. App. 838, 838-839 (1) (234 SE2d 676) (1977).

[7] See *Jordan v. Flynt*, 240 Ga. 359, 366-367 (3) (b) (240 SE2d 858) (1977); *Royal Atlanta Dev.*, supra at 839 (1).

[8] See *Jordan*, supra.

[9] *Royal Atlanta Dev.*, supra; *Kusuma v. Metametrix, Inc.*, 191 Ga. App. 255, 257 (3) (381 SE2d 322) (1989) (18-month delay in exercising termination option gives rise to a jury question regarding party's intent in failing to timely assert its termination rights).

[10] See *Jordan*, supra at 366 (3) (b).

and requests to close with silence or other bases for not going through with the deal for more than a year. From this, a trier of fact could find waiver.[11]

Accordingly, the evidence precludes a determination that, *as a matter of law*, there was no waiver.[12] Summary judgment to South Atlantic on the ground that the earnest payment condition was not met was, therefore, inappropriate and reversal is required.[13]

We are not persuaded by South Atlantic's contention that *Allen* and *Royal Atlanta Dev.* are distinguishable from the instant case because those cases did not involve the payment of earnest money pursuant to a contract where "time is of the essence," and the contract here in fact contained such a provision. "[I]t is well established that even if time is of the essence of a contract, the seller may waive timely performance orally or by conduct."[14]

Because the trial court did not rule upon the other grounds advanced by South Atlantic in its motion for summary judgment, this Court has no further rulings to review in this appeal.[15] On remand, the trial court is directed to consider whether South Atlantic is entitled to summary judgment on the other grounds raised in its motion.[16]

*Judgment reversed and case remanded. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 16, 2009 —
RECONSIDERATION DENIED JULY 24, 2009 

*Richard S. Alembik*, for appellant.
*Salem & Wong, Donna J. Salem, Wendall K. Willard*, for appellees.

---

[11] Id. at 366-367 (3) (b) (in action for specific performance, seller refused to execute quitclaim deed, telling buyer that buyer had defaulted on contract by not paying taxes; months after suit was filed, seller stated for the first time that he did not execute the deed because the deed which the buyer provided contained an error; whether seller waived his right to rely on errors in the original deed tendered to him as a defense was an issue for the trier of fact).

[12] See *Allen v. McKool*, 180 Ga. App. 622, 623 (2) (349 SE2d 833) (1986); *Royal Atlanta Dev.,* supra.

[13] See *Royal Atlanta Dev.,* supra.

[14] (Citations omitted.) *Miller,* supra.

[15] See *City of Gainesville v. Dodd*, 275 Ga. 834, 838 (573 SE2d 369) (2002).

[16] See *United Healthcare of Ga. v. Ga. Dept. of Community Health*, 293 Ga. App. 84, 92-93 (2) (d) (666 SE2d 472) (2008).