**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 21, 2025**

# In the Court of Appeals of Georgia

A25A0993. METRO HOLDINGS, LLC et al. v. EVERNEST HOLDINGS, LLC.

FULLER, Senior Judge.

Metro Holdings, LLC and Brookwood Assets, LLC appeal from the trial court's order granting Evernest Holdings, LLC's motion to strike an affidavit and motion for summary judgment. For the reasons that follow, we vacate the trial court's ruling and remand for further proceedings consistent with this opinion.

Viewed in the light most favorable to the non-moving parties,[1] the record shows that Evernest is a rental property management company that focuses on single-family homes and small multi-family buildings. Evernest contracted with Metro Holdings,

---

[1] See, e.g., *Henry v. Griffin Chrysler Dodge Jeep Ram*, 362 Ga. App. 459, 460 (868 SE2d 827) (2022).

LLC and Brookwood Assets, LLC (collectively, the landlords) to manage their rentals in the metro-Atlanta area. As relevant here, Evernest entered into identical contracts with the landlords, which required Evernest to market and lease specific properties, including "process[ing] Rental Applications by obtaining a credit report and verifying the information on the Rental Application." Under the contracts, while Evernest would "attempt to secure full compliance by each tenant with the terms of the lease[,]" it did not warrant that the tenants selected would "perform the requirements of the lease[.]" However, the contracts also provided an indemnification clause, whereby Evernest agreed to:

> indemnify and hold harmless the [landlords] from and against any and all liability paid or incurred by the [landlords] arising from or as a result of or in any way connected with . . . [t]he performance by [Evernest] of, or [the] failure of [Evernest] to perform, any or all of its obligations and agreements arising under or by virtue of this Agreement.

In 2021 and 2022, Evernest rented the landlords' properties to two tenants, who ultimately defaulted on their respective leases. The landlords thereafter filed suit against Evernest for breach of contract, negligence, and attorney fees and costs, claiming that Evernest failed to "verify" the information provided by the tenants on

the rental applications, resulting in the tenants' defaults. Evernest sought summary judgment, arguing that the undisputed facts showed that it did not breach its contracts and the landlords' claims for negligence and attorney fees and costs failed as a matter of law. The landlords opposed summary judgment, asserting that each tenant's rental application contained discrepancies and Evernest did "virtually nothing" to verify the applications.

The landlords submitted an affidavit from David S. Klein, their counsel of record, in support of their opposition to summary judgment. In his affidavit, Klein averred that he had handled the landlords' litigation against the tenants, including their post-judgment collection efforts, and in doing so, he had been unable to verify either tenant's employment and had determined that both tenants had a number of prior eviction proceedings against them and neither tenant maintained an account with the banks indicated in their rental applications. Attached to Klein's affidavit were search results from public records databases, as well as discovery responses from the relevant banks.

Evernest filed a motion to strike Klein's affidavit on the basis that Klein could not serve as both an advocate and a witness. At the subsequent summary judgment

hearing, the landlords argued that Klein's affidavit was not prohibited under the Georgia Rules of Professional Conduct, but the trial court made clear that it would not consider Klein's affidavit. Specifically, the court stated that this was not counsel's "chance to come in and put evidence in at . . . a motion for summary judgment" and Klein could not "put in facts and evidence on the basis of the case." According to the trial court, counsel could not act as a witness and doing so would be "inappropriate." Thus, the trial court refused to consider Klein's affidavit or anything submitted in connection with his affidavit. Immediately following the hearing, the landlords filed a response to the motion to strike, arguing that Rule 3.7 of the Georgia Rules of Professional Conduct did not prohibit counsel from submitting a pre-trial affidavit and that, even if the court did not consider the affidavit, it could take judicial notice of the various public records attached to the affidavit. In a single order entered in November 2024, the trial court granted Evernest's motion to strike "[f]or the reasons specified by the court at the hearing" and granted summary judgment to Evernest. This appeal follows.

1. The landlords first contend the trial court erred in striking Klein's affidavit and in failing to consider their response to the motion to strike.

For purposes of a summary judgment motion, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." OCGA § 9-11-56 (e). "A trial court's decision on a motion to strike an affidavit is reviewed for abuse of discretion." *Think Development Systems v. Cloudious, LLC*, 369 Ga. App. 58, 65 (3) (891 SE2d 426) (2023).

Although not entirely clear from the trial court's succinct order, it appears the trial court accepted Evernest's contention that Rule 3.7 of the Georgia Rules of Professional Conduct barred consideration of Klein's affidavit. As relevant here, Rule 3.7 provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> > (1) the testimony relates to an uncontested issue . . . .
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by [the Rules governing conflicts of interest.]

Georgia Rules of Professional Conduct, Rule 3.7, found in Bar Rule 4-102.[2] Importantly, this Court has held that "Rule 3.7 does not preclude a lawyer from representing a client prior to trial, even if the lawyer is likely to be a necessary witness at the trial." *Clough v. Richelo*, 274 Ga. App. 129, 138 (2) (616 SE2d 888) (2005).

Klein's affidavit, which he averred was based on his personal knowledge, was submitted in opposition to summary judgment, a pre-trial proceeding. See generally *Cofield v. Halpern Enterprises*, 316 Ga. App. 582, 583 (730 SE2d 63) (2012) ("A motion for summary judgment is a vehicle for disposing of a controversy without the necessity of a trial.") (citation and punctuation omitted). And it is not clear that Rule 3.7 bars an attorney from providing an affidavit in a pre-trial proceeding. Indeed, there seems to be no blanket prohibition against an attorney filing an affidavit in support of or opposition to summary judgment. See *Allen v. McKool*, 180 Ga. App. 622, 623 (2) (349 SE2d 833) (1986) (determining that dueling affidavits filed by parties' attorneys created an issue of fact). See also *Green v. Wright*, 225 Ga. 25, 25 (1) (165 SE2d 843) (1969) (holding that attorney's affidavit in support of summary judgment was not the best evidence); *Hembree v. Cotton States Mut. Ins. Co.*, 132 Ga. App. 556, 208 S.E.2d

---

[2] Georgia's Rules of Professional Conduct "have the effect of law." *Castell v. Kemp*, 254 Ga. 556, 558 (331 SE2d 528) (1985) (citation and punctuation omitted).

568 (1974) (same). Moreover, an attorney's affidavit may also be an appropriate means of calling the trial court's attention to facts of which the trial court could take judicial notice. See OCGA § 24-2-201 (b) (providing that a trial court may take judicial notice of "a fact which is not subject to reasonable dispute in that it is either: (1) Generally known within the territorial jurisdiction of the court; or (2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

To the extent the trial court refused to consider the affidavit in its entirety based solely on Rule 3.7, its ruling appears overbroad. At least some of Klein's averments concern uncontested or potentially readily determined facts, as evidenced by the attachment of various public records searches and discovery documents. But neither the trial court's order nor its comments at the hearing indicate whether it considered the arguments asserted by the landlords as to the plain language of Rule 3.7 or our holding in *Clough*, or whether the trial court either took judicial notice of or considered taking judicial notice of the exhibits attached to Klein's affidavit pursuant to OCGA § 24-2-201 (b). It is incumbent on the trial court in the first instance to determine what, if any, portion of the affidavit may be considered in connection with

the motion for summary judgment. Accordingly, we vacate the trial court's ruling on the motion to strike and remand for the court to reconsider its ruling consistent with this opinion.

2. In several related claims of error, the landlords further contend that the trial court erred in granting Evernest's motion for summary judgment. In light of our holding in Division 1, it would be premature for this Court to consider these claims. Rather, we also vacate the trial court's grant of summary judgment to Evernest. After the trial court has reconsidered its ruling on the motion to strike Klein's affidavit, it should also reconsider whether summary judgment is warranted in light of the evidence presented. See OCGA § 9-11-56 (c) (providing that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

*Judgment vacated and case remanded. Dillard, P. J., and Mercier, J., concur.*